IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01979-CNS-KLM

CAROLL LATIMORE,

    Plaintiff,

v.

DENVER HOUSING AUTHORITY (DHA) OF THE CITY AND COUNTY OF DENVER,
DAVID NISIVOCCIA, Executive Director, DHA, individually and as employee,
LORETTA OWENS, Director Housing Voucher Program, DHA, individually and as employee,
NICOLE MATTEO, DHA, individually and as employee,
ANGIE TRUJILLO, DHA, individually and as employee and
MERCEDES PINEDA, 504 COORDINATOR, DHA, individually and as employee,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Objections to the August 26, 2022, Amended Order and Recommendation issued by Magistrate Judge Mix. (ECF No. 13). Magistrate Judge Mix recommended that Plaintiff's two motions for a temporary restraining order (TRO) be denied without prejudice due to her failure to provide notice to Defendants, her inability to show an immediacy of harm, and Plaintiff's current motion for a preliminary injunction being served on Defendants. (*Id.*, p. 2). As set forth below, the Court AFFIRMS and ADOPTS the Recommendation.

1

## I.  BACKGROUND

On August 8, 2022, and August 17, 2022, Plaintiff, pro se, filed two motions for a TRO alleging that Defendants were conspiring to terminate her participation in the Housing Voucher Choice Program.  (*See* ECF No. 1; ECF No. 5; ECF No. 10).  In 2021, Plaintiff filed a similar civil action to have her housing voucher reinstated and the parties resolved the case with a joint stipulation of dismissal with prejudice.  (*See* 21-cv-02431-LTB; ECF No. 9).  In the instant Recommendation, Magistrate Judge Mix determined that Plaintiff did not demonstrate that an alleged harm was imminent because Plaintiff did not explain why she needed to sign a lease immediately, that she would be evicted from her present housing if she was not able to sign such a lease, or that she would be homeless if a TRO was not issued.  (ECF No. 13, p. 6).  Rather Plaintiff alleges that she "could well be careening towards homelessness" by October 1, 2022.  (ECF No. 10, p. 5).

Essentially, Plaintiff requests a TRO to have the Court intervene to require Defendants to send Plaintiff the annual documents to remain in the housing program for 2023.  From what the Court can discern, Plaintiff wants Defendants to send the housing forms to her P.O. box as she does not use the mailbox at her residence due to her disability, and Defendants have not confirmed or communicated with her that using a P.O. box is acceptable.  (ECF No. 18, pp. 3-5).  In her Objections, Plaintiff informs the Court that she served the Complaint and motion for preliminary injunction on the Defendants on September 2, 2022.  (*Id.*, p. 1).

## II.  STANDARD OF REVIEW

Plaintiff's objections necessitate a de novo determination as to those specified proposed findings or recommendations because the motion at issue seeks injunctive relief and is therefore

2

dispositive. 28 U.S.C. § 636(b)(1)(A). When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.  ANALYSIS

The Court has reviewed the Complaint, the two motions for TROs, and the relevant legal authority. After conducting de novo review, the Court agrees with Magistrate Judge Mix's factual and legal analysis that Plaintiff has not demonstrated that harm is imminent and that a TRO should not issue. While the Court is sympathetic to the situation Plaintiff finds herself in and the timeline that a renter must abide by when notifying or signing an agreement with a landlord, the harm that Plaintiff discusses is still a probability on the horizon. Granting a TRO is an *extraordinary* remedy and the right to relief must be clear and unequivocal. *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Courts have defined irreparable harm as more than "serious or substantial" and the injury must be certain, actual, and not theoretical. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Unfortunately, Plaintiff's allegations regarding her harm are in the theoretical category as Defendants have not communicated with her that they are removing her from the housing voucher program; they just have not effectively communicated with her at all

3

and allegedly left her to speculate. The Court is also cognizant of Plaintiff's efforts to comply with Magistrate Judge Mix's instructions and note that the motion for a preliminary injunction has been served on Defendants. (ECF No. 17).

## IV.  CONCLUSION

Accordingly, the Recommendation of Magistrate Judge Mix (ECF No. 13) is AFFIRMED and ADOPTED. Plaintiff's objections are OVERRULED and the motions (ECF Nos. 5 and 10) seeking a TRO are DENIED. Plaintiff is instructed to refrain from filing further motions for TROs unless authorized by the Court.

IT IS FURTHER ORDERED, given the immediacy needed in this action, that Defendants SHALL respond to the motion for a preliminary injunction (ECF No. 16) by September 16, 2022.

DATED this 8th day of September 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

4