IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01979-CNS-KLM

CAROLL LATIMORE,

    Plaintiff,

v.

DENVER HOUSING AUTHORITY (DHA) OF THE CITY AND COUNTY OF DENVER,
DAVID NISIVOCCIA, Executive Director, DHA, individually and as employee,
LORETTA OWENS, Director Housing Voucher Program, DHA, individually and as employee,
NICOLE MATTEO, DHA, individually and as employee,
ANGIE TRUJILLO, DHA, individually and as employee and
MERCEDES PINEDA, 504 COORDINATOR, DHA, individually and as employee,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Objections (ECF Nos. 93, 94)[1] to United States Magistrate Judge Kristen L. Mix's Order and Recommendation (ECF No. 88) denying Plaintiff's Motion for Release from Stipulation and Order (ECF No. 7) and Motion to Determine if Settlement Negotiator is Going to Resolve Application of the Prior Joint Stipulation to the Conspiracy Claim (ECF No. 39). For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

---

[1] Plaintiff should have requested leave of Court to file an Addendum to her Objection. However, because Plaintiff is proceeding pro se, the Court will examine both Objections in this Order. In the future, such an Addendum will be stricken.

1

## I.  SUMMARY OF ORDER FOR PRO SE PLAINTIFF CAROLL LATIMORE

You started this lawsuit on August 8, 2022, after voluntarily dismissing your prior lawsuit in the U. S. District Court for the District Court of Colorado on September 22, 2021.  With respect to this civil action, you properly served the Defendants on September 9, 2022, and the Court granted your motion for preliminary injunction on September 27, 2022.  Magistrate Judge Mix denied your motion regarding the settlement negotiator and recommended denying your motion for release from the stipulation on February 17, 2023.  This Court is generally adopting the magistrate judge's recommendation and will explain why it is denying these two motions further below.  The Order will discuss the legal authority that supports this conclusion.

## II.  BACKGROUND

In 2021, Plaintiff filed a similar civil action to have her housing voucher reinstated and the parties resolved the case with a joint stipulation of dismissal with prejudice (*see* 21-cv-02431-LTB; ECF No. 9).  At the heart of this civil action, Plaintiff asserts that Defendants conspired to terminate her participation in the Housing Voucher Choice Program in violation of the Americans with Disabilities Act (ADA) (*see* ECF 42).  On September 27, 2022, the Court held a Preliminary Injunction Hearing and granted Plaintiff's motion for a preliminary injunction so that, among other things, Plaintiff would receive annual notices and any other important communications via P.O. Box (ECF No. 37 at 2).

In the instant Order and Recommendation, Magistrate Judge Mix denied Plaintiff's motion regarding the settlement negotiator and recommended denying Plaintiff's motion regarding the stipulation (ECF No. 88).  Plaintiff did not object to Magistrate Judge Mix's Order denying her

motion regarding the settlement negotiator,[2] thus the Court will focus its analysis on the Recommendation to deny the motion for release from the stipulation (ECF No. 7).

## III.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiff requested release from the stipulation in her 2021 case under Federal Rule of Civil Procedure 60.  Because Plaintiff is proceeding pro se, this Court construes her filings liberally; however, this Court does not assume the role of advocate for her. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995).  Plaintiff filed her motion for release from

---

[2] Magistrate Judge Mix held a settlement conference January 17, 2023, and no settlement was reached on any of the claims (ECF No. 81).  Accordingly, Plaintiff's motion regarding the settlement negotiator is DENIED AS MOOT.

the stipulation 321 days after the Court's judgment; thus, the motion was timely. *See* Fed. R. Civ. P. 60(c)(1).

Relief under Rule 60(b), however, is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations omitted). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). A motion for reconsideration is appropriate when there is (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.

## IV. ANALYSIS

The Court has reviewed the Complaint, Plaintiff's motion, Plaintiff's Objection and Addendum, and the relevant legal authority. After conducting a de novo review, the Court agrees with Magistrate Judge Mix's analysis that the motion for release from stipulation should be denied because the Court lacks jurisdiction under Rule 60(b) to review the actions of Judge Babcock in the 2021 civil action (ECF No. 88 at 6-7). Plaintiff objects and argues that (1) her motion should be granted because Defendants did not file a timely response and (2) she was not aware of Judge Babcock and believes it makes more sense for the undersigned to rule on this issue after conducting the hearing for a preliminary injunction (ECF No. 93).

Magistrate Judge Mix is correct that Plaintiff must file her Rule 60 motion in the court that rendered the disputed order. *See S.E.C. v. Gellas*, 1 F. Supp. 2d 333, 335 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 901 (2d Cir. 1999) ("[E]xcept in limited circumstances not present here, a Rule 60(b) motion must be brought in the court that rendered the disputed order."); *see also In re Four Seasons*

4

*Sec. L. Litig.*, 502 F.2d 834, 842 (10th Cir. 1974) ("[A] judgment is not void merely because it is erroneous, but only if the court *which rendered it* lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.") (emphasis added). Here, the proper procedure would have been to file a motion to reopen her previous case, *Latimore v. Nisivoccia*, 21-cv-02431-LTB (D. Colo. Sept. 22, 2021), and then litigate the issue before Senior Judge Babcock. Regardless, the Court finds that the issue of releasing Plaintiff from the Joint Stipulation is moot because this Court granted Plaintiff's motion for a preliminary injunction.

Regardless, Plaintiff does not object to this ruling or any of Magistrate Judge Mix's further analysis regarding Rule 60(b)(3) and (b)(6) (*see* ECF No. 88 at 5-13). A party's failure to file such written objections may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When this occurs, the Court is "accorded considerable discretion" and "may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150). After reviewing all the relevant pleadings, the Court concludes that Magistrate Judge Mix's analysis was thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error. Accordingly, Plaintiff's motion for release from the stipulation is denied.

Separately, Plaintiff argues that "Plaintiff's motion [should have been] granted by the default of Defendants [in failing to submit] a timely answer" (ECF Nos. 93 at 2-3; 94). However, as the Court previously noted on September 19, 2022, Plaintiff properly served Defendants on September 2, 2022 (ECF No. 25). Plaintiff moved to amend her Complaint on October 3, 2022 (ECF No. 38). On October 18, 2022, Magistrate Judge Mix granted Defendants an extension to

5

file a response to Plaintiff's motion by October 31, 2022, because Plaintiff was permitted to file her Amended Complaint (ECF No. 45). Therefore, Defendants' response to the motion was timely.

## V. CONCLUSION

Accordingly, the Recommendation of Magistrate Judge Mix is AFFIRMED and ADOPTED (ECF No. 88). Plaintiff's objections are OVERRULED and the motions are DENIED (ECF No. 7, 39).

DATED this 10th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge